PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODGER FADNESS, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>ARIZONA LEATHER COMPANY, INC., a California corporation; and DOES 1 – 10, inclusive,<br><br>    Defendants. | Case No. 8:18-cv-1269<br><br>**COMPLAINT FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE UNRUH CIVIL RIGHTS ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rodger Fadness ("Plaintiff") complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq*.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims under the California Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq*. ("Unruh Act").

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant is subject to personal jurisdiction in this District, Defendant's offending Arizona Leather location at The Market Place, located at 2866 El Camino Real, Tustin, California 92782 ("Arizona Leather Tustin"), is located in this District, and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

4. Plaintiff Rodger Fadness is an individual adult resident of this District. Plaintiff qualifies as an individual with disabilities. Plaintiff requires a wheelchair for mobility. Plaintiff has visited, and regularly patronizes, the Arizona Leather Tustin, and has personally encountered accessibility barriers and experienced disability discrimination at the Arizona Leather Tustin as more fully set forth below. Plaintiff is being deterred from patronizing the Arizona Leather Tustin on particular occasions, but intends to return to the Arizona Leather Tustin for the dual purpose of availing himself of the goods and services offered to the public at the Arizona Leather Tustin and to ensure that the Arizona Leather Tustin ceases evading its responsibilities under federal and state law.

5. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Arizona Leather Company, Inc. ("Defendant") is a California corporation with its principal places of business located at 4235 Schaefer Avenue,

Chino, California 91710.  Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant, at all times relevant, conducted business in the State of California and within the Central District of California.  Arizona Leather Tustin is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(F).

6. Plaintiff has been, and continues to be, adversely affected by Defendant's violations of the laws of the United States and the State of California at the Arizona Leather Tustin.  Plaintiff has suffered direct and indirect injury as a result of the Defendant's actions and/or omissions as described herein.  Plaintiff has reasonable grounds to believe that Defendant will continue to subject them to the direct and indirect injury described herein based on Defendant's ongoing failure to bring existing Arizona Leather Tustin facilities into compliance.

7. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Arizona Leather Company, Inc. and DOE Defendants will hereafter collectively be referred to as "Defendant").

**FACTUAL BACKGROUND**

9. Plaintiff Fadness, a disabled, mobility-impaired person who requires a wheelchair for mobility, regularly patronizes the Arizona Leather Tustin and has

regularly encountered, and continues to encounter, access barriers at the Arizona Leather Tustin.

10. Specifically, on July 9, 2017, Plaintiff Fadness personally encountered on particular occasions numerous barriers that prevented him from freely and fully and equally accessing the Arizona Leather Tustin's facilities, goods, services, and accommodations in his wheelchair that are available to able-bodied customers. Among other things, the aisles were not wide enough for him to maneuver his wheelchair, making it impossible for him to access merchandise or to access displays and counter spaces that were accessible to able-bodied customers. This set of circumstances is in violation of ADAAG 4.2 *et seq.* and Title 24, Section 1118B *et seq.* Additionally, the restroom at the store had exposed, un-insulated lavatory pipes that failed to be configured to protect against contact, in violation of ADAAG Section 4.19.4 and Title 24 of the California Building Standards Code, Part 2, Chapter 11B, Section 1115B.2.1. Finally, the door in the restroom required more than 5 lbs. of force to open, and thus was not accessible in violation of Title 24, Section 1133B.2.5 and ADAAG Section 4.13.11(2)(b).

## FIRST CAUSE OF ACTION

**Violations of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.***

**(Against All Defendants)**

11. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

12. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

13. Defendant's Arizona Leather Tustin is a place of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

14. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

15. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden". 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

16. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Defendant is denying Plaintiff, a persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendant. Plaintiff has not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing

17. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## SECOND CAUSE OF ACTION

**Violations of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*.**

**(Against All Defendants)**

18. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

19. The Unruh Civil Rights Act, Cal. Code, § 51, prohibits discrimination on the basis of disability by "all business establishments of every kind whatsoever." Defendants are "business establishments" within the meaning of the California Civil Code § 51 *et seq*. and as such, are obligated to comply with the provisions of the Unruh Civil Rights Act.  The Unruh Civil Rights Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.  Defendant is systematically and continuously violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, by denying full and equal access to Plaintiff as they do to non-disabled persons.

20. Each of Defendant's violations of the Americans with Disabilities Act is likewise a violation of the Unruh Civil Rights Act.  Indeed, the Unruh Civil Rights Act provides that any violation of the ADA constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code, § 51(f).  Similarly, from December 31, 1981 until the present, violations of the standards that have been set forth in Title 24 of the California Code of Regulations (the "California Standards") likewise constitute a violation of the Unruh Civil Rights Act. The California Standards set forth design and construction standards that require public accommodations to maintain in operable working condition those features of facilities and equipment that are required to be accessible to and usable by persons with disabilities.

21.     Defendant's actions alleged herein constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq.*, in that Defendant is denying Plaintiff, a persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendant.  Defendant has also violated the Unruh Civil Rights Act by violating the ADA and California Standards, as set forth above.  Defendant has further violated the Unruh Civil Rights Act, by inter alia, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to the Arizona Leather Tustin.  In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to the Arizona Leather Tustin and its related facilities to individuals with disabilities and acted intentionally and with knowledge of the effect its conduct was having on physically disabled persons such as Plaintiff.

22.     Further, Defendant has violated the Unruh Civil Rights Act by having, maintaining, establishing, or failing to abolish policies that discriminate against the mobility impaired, which has resulted in the existence of barriers in Defendant's Arizona Leather Tustin.

23.     Plaintiff has been and is being deterred from patronizing Defendant's Arizona Leather Tustin on particular occasions as a result of his actual, personal knowledge of the violations stated above.  The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, and, therefore, Plaintiff is entitled to injunctive relief remedying the discrimination.

24.     Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

25.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. A preliminary and permanent injunction pursuant to 42 U.S.C. § 12188(a)(1) and (2) and section 52.1 of the California Civil Code enjoining Defendant from violating the Unruh Civil Rights Act and ADA;

2. An award of statutory minimum damages of $4,000 per offense pursuant to section 52(a) of the California Civil Code;

3. For attorneys' fees and expenses pursuant to California Civil Code §§ 52(a), 52.1(h), and 42 U.S.C. § 12205;

4. For pre-judgment interest to the extent permitted by law;

5. For costs of suit; and

6. For such other and further relief as the Court deems just and proper.

Dated:  July 20, 2018                    PACIFIC TRIAL ATTORNEYS, APC

                                         By: */s/ Scott J. Ferrell*
                                         Scott. J. Ferrell
                                         Attorneys for Plaintiff

- 7 -
COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: July 20, 2018

PACIFIC TRIAL ATTORNEYS, APC

By: */s/ Scott J. Ferrell*
Scott. J. Ferrell
Attorneys for Plaintiff